CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 1 8 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Tay Coleman
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| JOSEPH D. ROTHGEB, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) Civil Action No. 6:07CV00032 |
| UPSCO UNITED PARCEL SERVICE CO., | ) |
| UNITED PARCEL SERVICE, INC. (VIRGINIA), | ) |
| UNITED PARCEL SERVICE, INC. (OHIO), | ) |
| PHIL RAMSEY, and | ) |
| ED RICHMOND | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF DEFENDANTS UNITED PARCEL SERVICE, INC., UPSCO UNITED PARCEL SERVICE CO., UNITED PARCEL SERVICE, INC. (VIRGINIA), AND UNITED PARCEL SERVICE, INC. (OHIO)**

For their Answer to the Complaint of Plaintiff Joseph D. Rothgeb, Defendants United Parcel Service, Inc., UPSCO United Parcel Service Co., United Parcel Service, Inc. (Virginia), and United Parcel Service, Inc. (Ohio) (collectively "the UPS defendants" or "UPS") state as follows:

1. UPS is without sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint, and the same are therefore denied.

2. Defendant United Parcel Service, Inc., admits that it conducts business in the County of Appomattox, Virginia and in Central Virginia. Defendant United Parcel Service, Inc., admits that Ed Richmond and Phil Ramsey were in December 2003 and are now its employees. Except as expressly admitted, the UPS defendants deny the allegations in Paragraph 2 of the Complaint.

3. UPS denies the allegations in Paragraph 3 of the Complaint.

## COUNT ONE

4.　UPS incorporates its answers to Paragraphs 1 through 3 above as if fully set forth herein.

5.　The UPS defendants deny the allegations of paragraph 5 as stated. Defendant United Parcel Service, Inc., admits that on or about December 12, 2003 it prepared and issued the discharge notice required under the Collective Bargaining Agreement between it and the International Brotherhood of Teamsters and its Local Union No. 171, that is attached to the Complaint as Exhibit A. Except as expressly admitted, the UPS defendants deny the allegations of Paragraph 5 of the Complaint.

6.　UPS denies the allegations of Paragraph 6 of the Complaint, including without limitation all subparts thereof.

7.　UPS denies the allegations of Paragraph 7 of the Complaint.

8.　UPS denies the allegations of Paragraph 8 of the Complaint.

## COUNT TWO

9.　UPS incorporates its answers to Paragraphs 1 through 8 above as if fully set forth herein.

10.　UPS denies the allegations of Paragraph 10 of the Complaint.

11.　UPS denies the allegations of Paragraph 11 of the Complaint.

12.　UPS denies the allegations of Paragraph 12 of the Complaint.

13.　UPS denies the allegations of Paragraph 13 of the Complaint.

14.　No response to the allegations of Paragraph 14 of the Complaint are required.

Answering the unnumbered prayer for relief, UPS denies that Plaintiff is entitled to the relief requested or to any relief whatsoever against UPS. UPS denies all of the allegations not specifically admitted herein.

## ADDITIONAL AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. This Court lacks jurisdiction over defendants UPSCO United Parcel Service Co., United Parcel Service, Inc. (Ohio) and United Parcel Service, Inc. (Virginia).

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

4. Plaintiff's claims are barred, in whole or in part, because the grievance-arbitration procedure under the applicable collective bargaining provision is his exclusive remedy for some or all of the claims in the Complaint.

5. Plaintiff's claims are barred by his failure to exhaust his remedy under the grievance-arbitration procedure of the applicable collective bargaining agreement.

6. Plaintiff's claims are barred by his failure to allege that the Union breached its duty of fair representation, his failure to allege that he has exhausted available internal Union remedies, and/or his failure to join the union as a defendant in this action.

7. Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

8. Plaintiff's claims are preempted, in whole or in part, by the National Labor Relations Act, 29 U.S.C. § 151 et seq., pursuant to the <u>Garmon</u> preemption doctrine.

9. At all relevant times, the actions of UPS with respect to Plaintiff were taken in good faith, for valid business reasons, and based upon reasonable and legitimate factors, all in accordance with the applicable labor agreement.

10. At all relevant times, the statements of UPS and its employees with respect to Plaintiff were absolutely privileged.

11. At all relevant times, the statements of UPS and its employees with respect to Plaintiff were qualifiedly privileged and made without malice in fact or any other form of malice.

12. Plaintiff's Complaint fails, in whole or in part, to state actionable claims for defamation because the alleged defamatory statements are matters of opinion.

13. To the extent Plaintiff has been damaged, which allegation is expressly denied, Plaintiff has failed to mitigate his damages.

14. Defendant UPSCO United Parcel Service Co. was at no time Plaintiff's employer and is an improper party to this action.

15. Defendant United Parcel Service, Inc. (Virginia) does not exist, at no time was Plaintiff's employer, and is an improper party to this action.

16. Defendant United Parcel Service, Inc. (Ohio) was at no time Plaintiff's employer and is an improper party to this action.

The UPS defendants reserve the right to supplement and/or state additional defenses that may become apparent as discovery in this matter takes place.

WHEREFORE, UPS respectfully prays the Court as follows:

1. That Plaintiff have and recover nothing from UPS.

2. That Plaintiff's claims be dismissed with prejudice.

3. That UPS recover its costs, including reasonable attorney's fees, in this action; and,

4. For such other and further relief as the Court deems just and proper.

This the 17th day of September, 2007.

Respectfully submitted,

UNITED PARCEL SERVICE, INC.,
UPSCO UNITED PARCEL SERVICE CO.,
UNITED PARCEL SERVICE, INC.
(VIRGINIA), and UNITED PARCEL
SERVICE, INC. (OHIO)

By: _____
                                        Counsel

James P. Naughton (VSB #25923)
James R. Theuer (VSB #68712)
HUNTON & WILLIAMS LLP
500 E. Main Street, Suite 1000
Norfolk, VA 23510
Phone:  (757) 640-5300
Fax:      (757) 625-7720

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2007, a true copy of the foregoing Answer of Defendants United Parcel Service, Inc., UPSCO United Parcel Service Co., United Parcel Service, Inc. (Virginia), and United Parcel Service, Inc. (Ohio) was mailed to Robert W. Carter, Jr., Esq., 690 Court Street, P. O. Box 878, Appomattox, VA 24522.